IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ISMAIL A.H. AKBAR,
      Petitioner,

vs.                                Case No.: 5:15cv310/MMP/EMT

JULIE L. JONES,
      Respondent.
_____/

## REPORT AND RECOMMENDATION

      This cause is before the court on a petition for writ of habeas corpus filed by Petitioner under 28 U.S.C. § 2254 (ECF No. 1).  Respondent filed a motion to dismiss the petition as an impermissibly successive habeas petition (ECF No. 12).  Petitioner responded in opposition to the motion (ECF No. 16).

      The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C) and Fed. R. Civ. P. 72(b).  After careful consideration of all issues raised by the parties, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a).  It is further the opinion of the undersigned that the record before the court shows that the petition is subject to dismissal as an unauthorized "second or successive" habeas corpus application.

## I.     BACKGROUND AND PROCEDURAL HISTORY

Following a jury trial, Petitioner was convicted in the Circuit Court in and for Bay County, Florida, Case Nos. 1989-CF-1055 and 1989-CF-1056, of two counts of sale or delivery of cocaine (*see* ECF No. 12, Ex. A).   The trial court sentenced Petitioner to concurrent terms of thirty (30) years in prison (*id.*).   The Florida First District Court of Appeal affirmed the judgment on November 27, 1990 (Ex. B).  *See* Akbar v. State, 570 So. 2d 1047 (Fla. 1st DCA 1990).

In 1993, Petitioner sought federal habeas corpus relief under 28 U.S.C. § 2254 in this district court (*see* ECF No. 23, Ex. C).  *See* Akbar v. Singletary, Case No. 5:93cv50329/RH/SMN, Petition (N.D. Fla. Dec. 21, 1993).   The district court, adopting the report and recommendation of the magistrate judge, denied the petition on the merits (ECF No. 12, Exs. D, E).[1]  *See id.*, Report and Recommendation (N.D. Fla. Apr. 14, 1997), Order (N.D. Fla. May 30, 1997).

Petitioner filed the instant federal habeas action on November 9, 2015 (ECF No. 1).   He challenges the same state court judgment on the ground that his sentence

---

[1] In his 1993 petition, Petitioner identified three grounds of ineffective assistance of trial counsel, which the court denied on the merits (ECF No. 21, Exs. C, D).   The court noted that Petitioner included two other general grounds of ineffective assistance of counsel, but the court rejected them because Petitioner failed to identify specific acts or omissions of counsel to support his general claims (*see id.*).   The court additionally noted that Petitioner raised two grounds for the first time in his reply brief (claims which Petitioner asserted on direct appeal of his conviction), but the court rejected them as untimely (*see id.*).

exceeds the statutory maximum (ECF No. 1 at 4). Respondent contends the petition is second or successive; therefore, the district court is precluded from considering it until the court of appeals issues an order authorizing the petition, pursuant to 28 U.S.C. § 2244(b)(3) (*see* ECF No. 12).

II.    ANALYSIS

Federal courts are courts of limited jurisdiction, and may only hear cases where authorized by the Constitution and by statute. *See* <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). Section 2244 provides, in relevant part:

> **(a)** No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.
>
> **(b)(1)** A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> **(2)** A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
> > **(A)** the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

**(B)(i)** the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

**(ii)** the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

**(3)(A)** <u>Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application</u>.

28 U.S.C. § 2244 (emphasis added); *see also* Rule 9, Rules Governing Section 2254 Cases in the United States District Courts (2015) ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4).").   A district court lacks jurisdiction to hear a second or successive § 2254 petition absent authorization from a Court of Appeals.  28 U.S.C. § 2244(b)(3)(A); <u>Burton v. Stewart</u>, 549 U.S. 147, 152, 157, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007) (holding that district court lacked jurisdiction to entertain second habeas petition because prisoner failed to obtain order from court of appeals authorizing him to file it); <u>Fugate v. Dep't of Corr.</u>, 301 F.3d 1287, 1288 (11th Cir. 2002) (same).

Here, review of the magistrate judge's report and recommendation in Petitioner's first habeas action, which the district judge adopted, demonstrates that Petitioner's 1993 petition qualified as a first petition for the purpose of determining successor status.[2]   Therefore, the instant petition qualifies as "second or successive" for purposes of § 2244(b)(3).   Petitioner has not shown that he obtained permission from the Eleventh Circuit to file a second or successive petition.   His failure to do so operates as a jurisdictional bar that precludes this district court's consideration of the

---

[2] Some types of collateral challenges do not render subsequent habeas petitions "second or successive."   *See* Panetti v. Quarterman, 551 U.S. 930, 945,127 S. Ct. 2842, 168 L. Ed. 2d 662 (2007) (a claim of incompetency under Ford v. Wainwright, 477 U.S. 399, 106 S. Ct. 2595, 91 L. Ed. 2d 335 (1986) was not successive, because the claim was not ripe until the petitioner's execution was scheduled); Slack v. McDaniel, 529 U.S. 473, 486–87, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (dismissal of petitioner's § 2254 claims for failure to exhaust state remedies does not render subsequent petition second or successive); Stewart v. United States, 646 F.3d 856, 865 (11th Cir. 2011) ("Because the basis for his Johnson [v. United States, 544 U.S. 295, 125 S. Ct. 1571, 161 L. Ed. 2d 542 (2005)] claim did not exist before his proceedings on his initial § 2255 motion concluded, Stewart's numerically second motion is not "second or successive," and § 2255(h)'s gatekeeping provision does not apply. . . .   Stewart's situation falls within what the Fifth Circuit recognized is a small subset of unavailable claims that must not be categorized as successive."); McGiver v. United States, 307 F.3d 1327, 1332 (11th Cir. 2002) (successful motion to file out-of-time notice of appeal does not render subsequent collateral proceedings "second or successive"); Reeves v. Little, 120 F.3d 1136, 1139 (10th Cir. 1997) (prior habeas action challenging only the constitutionality of state's system of processing indigent criminal appeals does not render later § 2254 petition successive); Benton v. Washington, 106 F.3d 162, 165 (7th Cir. 1996) (§ 2254 petition dismissed for failure to pay required filing fees not counted as first petition for purpose of determining successor status).

merits of the petition.  *See* 28 U.S.C. § 2244(b)(3)(A); <u>Burton</u>, 549 U.S. at 152, 157;

<u>Fugate</u>, 310 F.3d at 1288.

III.    CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he

district court must issue or deny a certificate of appealability when it enters a final

order adverse to the applicant," and if a certificate is issued "the court must state the

specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."

A timely notice of appeal must still be filed, even if the court issues a certificate of

appealability.  Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional

right.  28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483–84, 120 S. Ct.

1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing)

(citation omitted).  Therefore, the undersigned recommends that the district court deny

a certificate of appealability in its final order.

The second sentence of  new Rule 11(a) provides:  "Before entering the final

order, the court may direct the parties to submit arguments on whether a certificate

should issue."  Thus, if there is an objection to this recommendation by either party,

that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1.  That Respondent's motion to dismiss (ECF No. 12) be **GRANTED**.

2.  That Petitioner's habeas petition (ECF No. 1) be **DISMISSED for lack of jurisdiction**, pursuant to 28 U.S.C. § 2244(b).

3.  That a certificate of appealability be **DENIED**.

4.  That the clerk of court enter judgment accordingly and close the file.

At Pensacola, Florida, this 21st day of September 2016.


*/s/ Elizabeth M. Timothy*
**ELIZABETH M.  TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**